# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 21, 2021

Lyle W. Cayce
Clerk

No. 20-51017
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

MICHAEL ANTHONY SHORTER,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:15-CR-22-2

Before WIENER, SOUTHWICK, and DUNCAN, *Circuit Judges*.

PER CURIAM:*

Defendant-Appellant Michael Anthony Shorter, federal prisoner # 77558-380, appeals the district court's denial of his motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). On appeal, he contends that the district court failed to adequately explain its decision denying his

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

motion for a sentence reduction and that the district court abused its discretion in relying on the policy statements set forth in U.S.S.G. § 1B1.13.[1]

We review a district court's decision denying compassionate release for an abuse of discretion. *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020). A district court may modify a defendant's sentence after it considers the applicable 18 U.S.C. § 3553(a) factors if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). The district court must provide specific reasons for its decision to deny a motion for a sentence reduction, *Chambliss*, 948 F.3d at 693, but the amount of explanation needed depends "upon the circumstances of the particular case." *Chavez-Meza v. United States*, 138 S. Ct. 1959, 1965 (2018). "In some cases, it may be sufficient for purposes of appellate review that the judge simply relied upon the record, while making clear that he or she has considered the parties' arguments and taken account of the § 3553(a) factors." *Id.*

Despite Shorter's assertions to the contrary, the record reflects that the district court gave due consideration to Shorter's request for compassionate release. Its explanation was brief, but the district court referenced Shorter's motion for a sentence reduction, his supplemental brief, supplemental documents, and the Government's response, and the court explicitly stated that it took into account the relevant § 3553(a) factors and the applicable policy statements before it found that a sentence reduction was not warranted. *See Chavez-Meza*, 138 S. Ct. at 1965. Moreover, because both

---

[1] Shorter also insists that the district court failed to address his assertions that he demonstrated extraordinary and compelling reasons warranting a sentence reduction, that he exhausted his administrative remedies, and that he was not a danger to the community. We do not reach these contentions because the district court correctly disposed of the motion after considering the § 3553(a) factors.

No. 20-51017

Shorter and the Government presented contentions regarding the sentencing factors, the record reflects that the district court considered the § 3553(a) factors. *See id.* at 1968. Shorter might disagree with how the district court balanced the § 3553(a) factors, but that is not a basis for determining that the district court abused its discretion. *See Chambliss*, 948 F.3d at 693.

Shorter is correct that the policy statements and commentary set forth in § 1B1.13 are not binding. The district court did not abuse its discretion in considering "the applicable policy statements issued by the Sentencing Commission" because the court also denied Shorter a sentence reduction based on a balancing of the § 3553(a) factors. *See United States v. Shkambi*, 993 F.3d 388, 393 (5th Cir. 2021); *Chambliss*, 948 F.3d at 693.

Accordingly, the district court's order is AFFIRMED.